Per Curiam.
Respondent was admitted to practice by this Court on February 17, 2009. He maintains an office for the practice of law in Maryland where he practices immigration law. He is not admitted to practice in Maryland.
Following a hearing, the Referee concluded that respondent neglected a client’s immigration matter and, with respect to another immigration client, failed to promptly respond to requests from the client and her new attorney for her file or to turn over the file to the new counsel and provided a dishonest and improper reason for not turning over the file, failed to properly inform the client, whom he also assisted prior to his admission to the bar, that he was not yet admitted to practice, and failed to keep proper records for the client (see former Code of Professional Responsibility DR 1-102 [a] [4], [5]; DR 6-101 [a] [3]; DR 9-102 [c] [4]; [d] [3], [5] [22 NYCRR 1200.3 (a) (4), (5); 1200.30 (a) (3); 1200.46 (c) (4); (d) (3), (5)]; Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.3 [b]; 1.15 [c] [3], [4]; [d] [1] [iii], [iv], [v], [viii]; 8.4 [c], [d]).* Petitioner and respondent now make motions to confirm and disaffirm the Referee’s report in part. We agree with the findings contained in the Referee’s report issued pursuant to this Court’s rules (see 22 NYCRR 806.5) and grant and deny, each in part, the motions to confirm and disaffirm the Referee’s report by petitioner and respondent accordingly.
By opinion and order dated February 12, 2012, the Maryland Court of Appeals reprimanded respondent. The opinion concluded that respondent improperly engaged in tort law practice in Maryland ancillary to his representation of several immigration clients, failed to properly indicate on his business cards that he is not licensed to practice law in Maryland, and failed to properly advise insurance company representatives that he was only admitted to practice in New York. Petitioner also moves to impose discipline pursuant to this Court’s rules (see 22 NYCRR 806.19). Respondent has not established any of the defenses available to such discipline, and we therefore grant petitioner’s motion (see 22 NYCRR 806.19 [d]).
Under all of the circumstances presented, and having heard respondent in mitigation, we conclude that censure is an appropriate sanction.
Mercure, J.E, Malone Jr., Stein, McCarthy and Garry, JJ., *1167 concur. Ordered that the motions to confirm and disaffirm the Referee’s report are granted and denied in part in accordance with the findings set forth in this decision; and it is further ordered that respondent is found guilty of professional misconduct in accordance with the Referee’s findings; and it is further ordered that the motion to impose discipline pursuant to this Court’s rules (see 22 NYCRR 806.19) is granted; and it is further ordered that respondent is hereby censured.

 The alleged misconduct occurred prior to and after the April 1, 2009 enactment of the Rules of Professional Conduct.